UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH W. RODMAN,

    Plaintiff,

vs.
                              Case No. 07-CV-10407
                              HON. GEORGE CARAM STEEH

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION (# 10); GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (# 8); DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (# 6); AND DISMISSING PLAINTIFF'S CLAIMS

This matter is before the court on the parties' cross-motions for summary judgment as to plaintiff Kenneth Rodman's claim for judicial review of defendant Commissioner of Social Security's denial of his application for disability insurance benefits. The matter was referred to Magistrate Judge Steven D. Pepe, who issued a 23-page Report and Recommendation on December 28, 2007 recommending that defendant Commissioner's motion be granted, that Rodman's motion be denied, and that Rodman's claims be dismissed.

Rodman's benefit application alleges he has been disabled since March 29, 1997 due to severe general anxiety and muscle spasms grossly affecting his speech, or spasmodic dysphonia. Following a hearing, Administrative Law Judge (ALJ) Alfred Varga issued a December 21, 2005 decision finding at Step Five that Rodman was not qualified

for benefits because he retained the residual functional capacity to perform less than the full range of unskilled entry level light work for which 3,500 jobs exist in the regional economy as second or third shift office cleaners.[1] The Appeals Council denied Rodman's request for review on August 25, 2006. On December 22, 2006, the Appeals Council denied Rodman's request to reopen the decision to clarify treating psychiatrist Dr. Elliot Luby's answers to a February 16, 2004 "Mental Impairment Questionnaire."

In adjudicating the competing motions for summary judgment in favor of the Commissioner, Magistrate Judge Pepe finds that the ALJ gave proper deference to Dr. Luby's opinion that Rodman suffers from general anxiety and spasmodic dysphonia, and that the ALJ was not required to give deferential weight to Dr. Luby's opinions that Rodman is "disabled" or unable to perform his past relevant work. Magistrate Judge Pepe also finds this court lacks jurisdiction to review the Appeals Council's December 22, 2006 denial of Rodman's request to reopen the ALJ's decision absent a colorable constitutional claim. Magistrate Judge Pepe further concludes that remand is inappropriate under 42 U.S.C. § 405(g) because there has been no showing of new and material evidence that, for good cause, was not previously included in the administrative record.

A party may file timely written objections to a magistrate judge's proposed findings and recommendations. See 28 U.S.C. § 636(b)(1). "A judge of the court shall make a <u>de</u>

---

[1] At Step 1, the claimant must demonstrate he is not gainfully employed at the time of application. Step 2 requires the claimant to show that he suffers from a "severe" impairment. Step 3 requires the claimant to show that his severe impairment meets or equals an impairment as listed in Appendix 1, Subpart P, Regulations No. 4 of the Social Security Act. See 20 C.F.R. § 404.1520(f). Step 4 entails the Commissioner's review of the claimant's residual functional capacity and relevant past work to determine if the claimant can perform his past work. If not, the analysis proceeds to Step 5 to determine whether the claimant can perform any other work available in the economy. See Howard v. Commissioner of Social Security, 276 F.3d 235, 238 (6th Cir. 2002).

novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made." Id. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

Rodman objects that the ALJ failed to give proper deference to Dr. Luby's opinion as to the nature and extent of Rodman's disability, and created a conflict in the evidence by misinterpreting Dr. Luby's answers to Question #13 of the "Mental Impairment Questionnaire." Rodman argues that, properly interpreted, the answers to Question #13 are consistent with Dr. Luby's assessments that Rodman would be unable to timely and reliably attend work due to his disability. Rodman also objects that Dr. Luby's August 30, 2006 letter to the Appeals Council in support of the request to reopen the decision constituted new and material evidence clarifying Dr. Luby's answer to Question #13, and that the Appeals Council's failure to consider the letter constituted a denial of due process and a fair hearing.

An individual may obtain review of any final decision made by the Commissioner of Social Security, after a hearing, by filing an action in federal district court. See 42 U.S.C. § 405(g). The court may affirm, modify, or reverse the Commissioner's decision, with or without remand. Id. Findings of fact by the Commissioner are conclusive if supported by substantial evidence. Id. The Commissioner's decision must be affirmed if the decision is supported by substantial evidence in the record as applied to the correct legal standard. Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005).

Rodman's objections focus on Dr. Luby's February 16, 2004 answers to question #13 of a "Mental Impairment Questionnaire," and the application of those answers under

3

the treating physician rule.

> . . . . Generally, the opinions of treating physicians are given substantial, if not controlling, deference. See King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984); 20 C.F.R. § 404.1527(d)(2). Treating physicians' opinions are only given such deference when supported by objective medical evidence. Jones [v. Comm'r of Soc. Sec., 336 F.3d 469, 477 (6th Cir. 2003)]. "The determination of disability is [ultimately] the prerogative of the [Commissioner], not the treating physician." Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985).

Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2003). As explained at 20 C.F.R. § 404.1527(e)(1):

> (e) Medical source opinions on issues reserved to the Commissioner. Opinions on some issues, such as the examples that follow, are not medical opinions, as described in paragraph (a)(2) of this section, but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability.
>
> (1) Opinions that you are disabled. We are responsible for making the determination or decision about whether you meet the statutory definition of disability. In so doing, we review all of the medical findings and other evidence that support a medical source's statement that you are disabled. A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled.
>
> (2) Other opinions on issues reserved to the Commissioner. We use medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s). Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments in appendix 1 to this subpart, your residual functional capacity (see §§ 404.1545 and 404.1546), or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner.
>
> (3) We will not give any special significance to the source of an opinion on issues reserved to the Commissioner described in paragraphs (e)(1) and (e)(2) of this section.

"While controlling weight will not be provided to a treating physician's opinion on an issue reserved to the Commissioner, the ALJ still must 'explain the consideration given to the

treating source's opinion(s).'" Bass v. McMahon, 499 F.3d 506, 511 (6th Cir. 2007). (quoting SSR96-5: Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner, 61 Fed.Reg. at 34474).

The "Mental Impairment Questionnaire" completed by Dr. Luby on February 16, 2004 consisted of 6 pages. Question 13 posed, and was answered:

> 13. On the average, how often do you anticipate that your patient's impairments or treatment would cause your patient to be absent from work?
>
> [By Dr. Luby] *He has not been able to hold a job for any prolonged time despite his education and background in civil engineering.*
>
> | ✔ never | ☐ about two days per month | ☐ about four days per month |
> |---|---|---|
> | ☐ about one day | ☐ about three days per month | ☐ more than four days per month |

R, at 114 (italics denotes cursive text). In evaluating several criteria involving "MENTAL ABILITIES AND APTITUDES NEEDED TO DO UNSKILLED WORK," Dr. Luby opined in answering Question 8 of the same questionnaire that Rodman's ability to "Maintain regular attendance and be punctual within customary, usually strict tolerances" would be "Limited but satisfactory," as opposed to "Unlimited or Very Good," "Seriously limited, but not precluded," "Unable to meet competitive standards," or "No useful ability to function." R, at 110. Dr. Luby wrote to Rodman's former counsel in a June 1, 2004 letter:

> Kenneth Rodman has been my patient since March 10, 1998 to the present. He suffers from a severe anxiety disorder which has caused a speech defect called spastic dysphonia. The speech problem has been thoroughly researched at many clinics, and no organic basis can be found for it. He has undergone many types of speech therapy, and he has been in psychotherapy on several occasions, all to no avail. The only source of modest help has come from Valium at a dose of 10 mg three times daily. His anxiety is of such severity that he has difficulty relating to the public in any social situation. The anxiety also markedly interferes with his ability to communicate with others, which would certainly be a source of difficulty in

5

> any employment. It might also prevent him from coming to work reliably and on time. Mr. Rodman has attempted employment on several occasions, only to fail. He has a degree in engineering. He is a well educated man, but he has not been able to use that education in any gainful capacity. For these reasons, I consider him to be disabled from employment. He has been employed since March 1997.

R, at 108 (emphasis added).

In deciding whether there is substantial record evidence to support the Commissioner's decision, this court does not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. Bass, 499 F.3d at 509. If the decision is supported by substantial evidence on the record, the court "will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." Longworth, 402 F.3d at 595. Dr. Luby's February 16, 2004 answers to Questions 8 and 13, and his June 1, 2004 letter, at best, generate evidentiary conflicts that were resolved by the ALJ. Dr. Luby's February 16, 2004 opinion that Rodman would be "limited but satisfactory" in maintaining regular attendance and punctuality under customary and usually strict tolerances is in contrast with Dr. Luby's June 1, 2004 opinion that Rodman's anxiety might "prevent" Rodman from "coming to work reliably and on time." Given the choices in Question 8 of "seriously limited, but not precluded," "unable to meet competitive standards," or "no useful ability to function," Dr. Luby instead opined that Rodman would be "limited but satisfactory" in his ability to maintain attendance and punctuality. The follow-up opinion in Question 13 that Rodman's impairments or treatment would "never" cause Rodman to be absent from work is consistent Dr. Luby's answer to Question 8. Ultimately, the ALJ exercised his discretion is resolving the conflicting evidence, including Dr. Luby's February 16, 2004 assessment of a 50-60 GAF, and explained his reasoning. See R, at 21-25. Bass, 499 F.3d at 509, 511. Given the

conflicting record evidence, the treating physician rule did not require the ALJ to conclude from Dr. Luby's answer to Question 13 that Rodman would "never" be able to meet the attendance and punctuality requirements of the 3,500 existing jobs as a second or third shift office cleaner. Id. at 509; Longworth, 402 F.3d at 595.

Rodman's argument that Dr. Luby's August 30, 2006 letter constitutes new and material evidence warranting a remand to the ALJ under 42 U.S.C. § 405(g) is unpersuasive absent good cause for failing to submit the letter earlier into the proceedings. See Willis v. Secretary of Health and Human Services, 727 F.2d 551, 554 (6th Cir. 1984). The ALJ issued his decision on December 21, 2005, conveying his interpretation of Dr. Luby's February 16, 2004 "Medical Impairment Questionnaire" that "Dr. Luby would not anticipate that [Rodman's] impairment or treatment would cause him to be absent from work." R, at 21. Rodman does not explain why Dr. Luby's clarifying letter of August 30, 2006 could not have been prepared and submitted within a reasonable time after the ALJ's December 21, 2005 decision, but before the Appeals Council denied Rodman's request for review eight months later on August 25, 2006. Rodman's assertion that the Appeals Council denied his right to due process by refusing to reopen the ALJ's decision on December 22, 2006 is not well taken considering Rodman was not denied a reasonable opportunity to clarify Dr. Luby's opinions before the Appeals Council denied the request for review on August 25, 2006. The court notes that, in denying the request to reopen the ALJ's decision, the Appeals Council conveyed that it "had carefully reviewed Dr. Luby's new report, but found it unpersuasive." R, at 3. Rodman's argument that he was denied his constitutional right to due process, thus warranting remand to the Appeals Council, is without merit. See Cottrell v. Sullivan, 987 F.2d 342, 345 (6th Cir. 1992) (citing Califano

v. Sanders, 430 U.S. 99, 107-08 (1977) for the proposition that a federal district court lacks jurisdiction to review the Appeal Council's decision not to reopen a decision absent a colorable constitutional claim).

Plaintiff's objections are hereby OVERRULED. Consistent with the analysis herein, the court hereby ACCEPTS Magistrate Judge Pepe's December 28, 2007 Report and Recommendation, GRANTS defendant Commissioner's motion for summary judgment, and DENIES plaintiff Kenneth Rodman's motion for summary judgment. Rodman's claims are hereby DISMISSED with prejudice in their entirety.

SO ORDERED.

Dated: March 6, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 6, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---